IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAIMERE PROSSER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-092 |
| | ) | (Formerly CR 109-073) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jaimere Prosser, through counsel, filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

### I. BACKGROUND

On June 4, 2009, the grand jury in the Southern District of Georgia charged Petitioner with three counts of distribution of cocaine base, one count of conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base, and one count of carrying and using a firearm during a drug trafficking crime as part of a thirty-two count indictment involving ten defendants. United States v. Prosser, CR 109-073, doc. no. 3 (S.D. Ga. June 4, 2009) (hereinafter "CR 109-073"). The Court appointed Joseph Huff to

represent Petitioner, and on January 7, 2010, Petitioner pleaded guilty to one count of distribution of five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1). Id., doc. nos. 78, 283-85.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at thirty-four, Criminal History Category at VI, and Guidelines imprisonment range at 262 to 327 months. PSI ¶ 54. Because Petitioner had previously been convicted of a crime of violence and a controlled substance offense, he was a career offender within the meaning of U.S.S.G. § 4B1.1. The offense level under that section of the Guidelines is thirty-seven, rather than an offense level of thirty-two under U.S.S.G. § 2D1.1 based on the amount of drugs and possession of a firearm specific to Petitioner's offense of conviction. PSI ¶¶ 26, 27, 32. That offense level decreased three points to thirty-four based on Petitioner's acceptance of responsibility. PSI ¶¶ 33, 34. The statutory maximum term of imprisonment for Petitioner's offense was life. 21 U.S.C. §§ 841(b)(1)(B) and 851; PSI ¶ 53; CR 109-073, doc. no. 261.

On April 13, 2010, United States District Judge J. Randal Hall sentenced Petitioner to 300 months of imprisonment. CR 109-073, doc. nos. 328, 332. Petitioner did not file an appeal, and the Court denied Petitioner's request for a sentence reduction. Id., doc. nos. 414, 419.

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime

that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).  In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Based on these recent rulings from the Supreme Court, Petitioner filed his § 2255 motion, arguing that although he was not sentenced under the ACCA, because his sentence was enhanced under a provision of the advisory sentencing Guidelines which contains the same language as the provision of the ACCA declared void by the Supreme Court in Johnson, he is entitled to be resentenced without the Guidelines enhancement. (See generally doc. no. 1.)

## II. DISCUSSION

Although the ACCA and sentencing guidelines "include an identical residual clause that encapsulates crimes that 'present[] a serious potential risk of physical injury to another[,] 18 U.S.C. § 924(e)(2)(B) [&] U.S.S.G. § 4B1.2(a)(2)," Johnson does not apply to career offender enhancements under the sentencing guidelines. United States v. Matchett, 802 F.3d 1185, 1194 (11th Cir. 2015). This is because the vagueness doctrine under the Due Process Clause does not apply to the sentencing guidelines but is, instead, "limited to criminal statutes that define elements of a crime or fix punishments." Id. Because Petitioner's sentence was not based on application of the ACCA's residual clause and the Eleventh Circuit has determined Johnson does not apply to enhancements under the Guidelines, Petitioner is not entitled to be resentenced without application of career offender status under § 4B1.1 and the applicable crime of violence definition in § 4B1.2. See id.; see also United States v. Kirk, 636 F. App'x 548, 550 (11th Cir. 2016) ("[N]othing in Johnson precludes the

3

application of the offense level increases or enhancements in the advisory sentencing guidelines.").

Petitioner concedes he is not entitled to relief under binding Eleventh Circuit case law but has protectively filed his motion in the event the holding in Matchett is eventually overturned. (Doc. no. 1, p.1 n.1.) The United States Supreme Court has granted certiorari to consider whether Johnson applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2) and whether Johnson's constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2) such that a challenge to a sentence imposed under this portion of the Guidelines is cognizable on collateral review. Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015), *cert. granted* No. 15-8544 (U.S. June 27, 2016).

Petitioner also argues the substantive merits of whether his third degree aggravated assault conviction in New Jersey qualifies as a crime of violence under the elements or enumerated clause of the crime of violence definition, but because Johnson does not apply to the Guidelines, the Court need not address these arguments. In any event, the Court also notes the records related to this conviction are not part of the record as of the undersigned date. (See doc. no. 1, p. 3 n.3.)

Because Petitioner's claim is clearly without merit based on the current record and Eleventh Circuit case law, his motion is ripe for dismissal under Rule 4 of the Rules Governing Section 2255 Proceedings.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 5th day of July, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA