IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAIMERE PROSSER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-092 |
| | ) | (Formerly CR 109-073) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 6). The Magistrate Judge recommended dismissal of the motion filed pursuant to 28 U.S.C. § 2255 because under Eleventh Circuit case law, the decision in Johnson v. United States, 135 S. Ct. 2551 (2015) - invalidating the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(ii) - does not apply to career offender enhancements under the sentencing guidelines. (Doc. no. 2, pp. 3-4.) The Magistrate Judge did not take up the merits of Petitioner's arguments concerning whether a third degree aggravated assault conviction in New Jersey qualifies as a crime of violence under the elements or enumerated clause of the crime of violence definition in the sentencing guidelines because Johnson does not apply to Petitioner's case, but also noted the documents related to the New Jersey conviction were not in the record. (Id. at 4.)

Petitioner disagrees with the binding Eleventh Circuit case law upon which the Magistrate Judge relied, United States v. Matchett, 802 F.3d 1185 (11th Cir. 2015), and asks that his case be held in abeyance until the Supreme Court decides whether Johnson applies retroactively to collateral challenges to federal sentences imposed under the sentencing guidelines. See Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, 136 S. Ct 2510 (U.S. June 27, 2016) (No. 15-8544). As there is no basis for holding the case in abeyance, the Court **DENIES** the request for a stay. (Doc. no. 5.) The Eleventh Circuit recently explained, "[G]rants of certiorari do not themselves change the law, and must not be used by courts as a basis to grant relief that would otherwise be denied." In re Bradford, -F.3d-, No. 16-14512-J, 2016 WL 4010437, at *2 (11th Cir. July 27, 2016) (citing Schwab v. Sec'y, Dep't of Corr., 507 F.3d 1297, 1298-99 (11th Cir. 2007)). Regardless of the outcome in Beckles, the decision in Matchett is currently the controlling case law in the Eleventh Circuit, and under that precedent, Petitioner is not entitled to be resentenced.

Likewise, although Petitioner attached to his objections documents concerning his New Jersey aggravated assault conviction that had been noted as missing from the record, they provide no basis for undermining the Magistrate Judge's recommendation for dismissal. In order for the Court to consider the merits of Petitioner's aggravated assault argument, Johnson would have to apply to Petitioner's sentence. As explained in the Report and Recommendation, Johnson does not apply. Thus, the addition of the New Jersey records does not alter the outcome.

Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES** the motion to stay,

and **DISMISSES** the § 2255 motion.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this ___ day of August, 2016, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

3